IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

| | |
|---|---|
| KELLY RENEE CARNEY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:16-CV-54 (Keeley/Aloi) |
| | ) Electronically filed: 03/30/2016 |
| VERIZON COMMUNICATIONS INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, Verizon Communications Inc. ("Verizon" or "Defendants"), by counsel, hereby makes a special appearance[1] to remove to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 this action currently pending in the Magistrate Court of Harrison County, West Virginia, Case Number 15-M17C-01495. In support of this removal, Defendant states as follows:

1. On or about October 29, 2015, Plaintiff filed a Complaint against Defendant in the Magistrate Court of Harrison County, West Virginia, a copy of which is attached as Exhibit 1.

2. The Complaint was served on Defendant on February 29, 2016, and was the first pleading served on Defendant. Accordingly, this Notice of Removal is filed within the 30-day period required by 28 U.S.C. § 1446(b).

3. Plaintiff is a former clerk employed in Verizon Services Corp's Clarksburg call center. Plaintiff alleges that Verizon violated the West Virginia Wage Payment and Collection Act, W. Va. Code § 21-5-1 et. seq., in the timing of paying her benefits under a Collective

---

[1] Verizon is concurrently filing a Motion to Dismiss for Lack of Personal Jurisdiction.

Bargaining Agreement and disability benefits under an employee benefit plan covered by the Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001, *et. seq*. ("ERISA").

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) because the action arises under the laws of the United States. Plaintiffs' claims are completely preempted by both ERISA and the Labor Management Relations Act of 1947 ("LMRA").

COMPLETE PREEMPTION UNDER ERISA

5. In the packet of information submitted by Ms. Carney as her "Complaint," Plaintiff states "I was out on benefits and also received an additional benefits check January '2014.'" Exhibit 1. The benefits check referenced by Plaintiff was for short term disability benefits under the "Your Disability Benefits" plan. Exhibit 2.

6. The "Your Disability Benefits" plan has been, at all relevant times, an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002. Plaintiff was a participant and beneficiary under that plan and has standing to redress grievances under ERISA.

7. The Supreme Court agrees that –

> Congress clearly expressed an intent that the civil enforcement provisions of ERISA § 502(a) be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries <u>asserting improper processing of a claim for benefits</u>, and that varying State causes of action for claims within the scope of § 502(a) would pose an obstacle to the purposes and objective of Congress.

<u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41, 52 (1987) (emphasis added).

8. Plaintiff contends that she was improperly paid benefits under an ERISA-governed employee benefit plan. In addition, by arguing that her short term disability benefits

2

should be paid in accordance with the West Virginia Wage Payment and Collection Act, Plaintiff necessarily incorporates the terms of the WPCA into the ERISA plan.  If a state law claim falls within the scope of ERISA section 502(a), the complete preemption doctrine provides that the state-law claim is "necessarily federal in character" such that it "arise[s] under" federal law and is removable to federal court.  Metropolitan Life v. Taylor, 481 U.S. 58, 67 (1987).  Section 502(a) of ERISA establishes a federal cause of action for a participant or beneficiary to recover benefits under a plan and/or "to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).   In addition, ERISA establishes a federal cause of action for violating a fiduciary duty in the improper administration of the plan and its benefits. 29 U.S.C. § 1132(a)(3).  These are available ERISA enforcement sections.

9. Plaintiff's state law claims are completely preempted by ERISA section 502(a). Plaintiff, as a "participant and beneficiary" in the "Your Disability Benefits" plan has standing to bring an action under ERISA section 502(a).  Determining Plaintiff's eligibility for and entitlement to the allegedly improperly paid benefits requires interpretation of the employee benefit plan.

10. In summary, this Court has original jurisdiction over Plaintiffs' Complaint under 28 U.S.C. § 1331 because the causes of action are within the scope of ERISA section 502(a) and, therefore, arise under federal law.  Because of this Court's original jurisdiction over federal questions and ERISA's "complete preemption" of state laws relating to employee benefit plans, removal is appropriate under 28 U.S.C. § 1441(a). *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

## COMPLETE PREEMPTION UNDER THE LMRA

11.     In addition to claims that are completely preempted by ERISA section 502(a), Plaintiff has asserted claims that are completely preempted by section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a).

12.     While employed by Verizon Services Corp., Plaintiff was a member of a collective bargaining unit represented by the Communication Workers of America ("CWA") local union and as such, the terms and conditions of her employment were also governed by a collective bargaining agreement between Verizon and the CWA local union, which is a "contract [ ] between an employer and a labor organization representing employees in an industry affecting commerce" ("CBA") within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185. (Exhibit 3, Relevant Sections)

13.     Plaintiff's Complaint includes the allegation that severance benefits were not timely paid under the West Virginia Wage Payment and Collection Act.  In fact, her Complaint attaches a copy of the pay stub for the allegedly improperly paid severance benefits.

14.     Article 35 and 36A of the CBA outlines the eligibility and payment terms for the payment of severance benefits that are the subject of Plaintiff's litigation.  (Exhibit 3).

15.     These Articles must be interpreted in order to determine whether Plaintiff was eligible for the severance at the time of her termination.  In a context similar to the one before this Court, the Southern District of West Virginia explained,

> The case at bar, however, concerns a benefit that is wholly derived from a collective bargaining agreement and does not implicate the WPCA. . . . Unlike wages, severance pay is not covered by the WPCA. See W. Va. Code 21-5-1(c).  The plaintiff's claim requires a review of the CBA to determine whether he is even entitled to the severance pay he seeks.  Thus, the plaintiff's claims must rise and fall with the terms of the CBA, and it is thus clear to me that his claim is so inextricably intertwined with consideration of the

4

>terms of the CBA that it is necessarily preempted by section 301 of the LMRA.

Hayes v. Bayer Cropscience, LP, 2015 U.S. Dist. LEXIS 135519, *14-15 (S.D.W.V. October 5, 2015). Like the benefit in Hayes, the severance benefits Plaintiff alleges to be improperly paid derive wholly from a CBA, and the consideration of Plaintiff's claim of untimely paid severance benefits requires interpretation of the CBA.

16. In addition, the CBA must be interpreted to determine whether the allegedly untimely severance benefits fit within the definition of "wages" under the West Virginia Wage Payment and Collection Act. Specifically, the definition of wages requires the benefit to be "capable of calculation" at the time of termination and specifically excludes benefits where there is an agreement that outlines how the benefit is to be paid. W. Va. Code 21-5-1(c). These definitional issues require interpretation of the CBA.

17. Section 301 of the LMRA preempts Plaintiffs' claims because the Court is required to consult and interpret the collective bargaining agreement between Verizon and the Communication Workers Local Union in order to resolve the issues presented in Plaintiffs' causes of action. *McCormick v. AT&T Technologies, Inc.*, 934 F.2d 532, 535 (4th Cir. 1991); *International Union, United Mineworkers v. Covenant Coal*, 977 F.2d 895, 899-900 (4th Cir. 1992).

## MISCELLANEOUS PROVISIONS

18. To the extent that any state law claims are asserted here which survive ERISA or LMRA preemption, such claims are within this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

19. Pursuant to 28 U.S.C. § 1446(d), Verizon is contemporaneously giving written notice of this Removal to all parties and to the Clerk of the Magistrate Court for Harrison County, as reflected in Exhibit 4 hereto.

20. The exhibits hereto include all pleadings received or served by any Defendant in connection with Plaintiffs' claims.

21. No other party can or need join in this Notice of Removal.

22. Venue lies in this Court because Plaintiffs' action is pending in this district and division. 28 U.S.C. § 1441(a).

23. The undersigned, as counsel of record for Verizon in this action, is duly authorized to effect removal on behalf of Verizon, who consents to the removal.

Verizon thus respectfully removes this action from the Magistrate Court for Harrison County to this Court.

      Respectfully submitted,

      VERIZON COMMUNICATIONS INC.

      By: /s/ Richard W. Gallagher
          Counsel

Richard W. Gallagher (WV Bar #1327)
E. Ryan Kennedy (WV Bar #10154)

Robinson & McElwee, PLLC
Post Office Box 128
140 West Main Street, Suite 300
Clarksburg, West Virginia  26302-0128
(304) 622-5022

Robert F. Holland, Esquire (pro hac vice forthcoming)
McGuireWoods LLP

6

Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(804) 775-1000

## **CERTIFICATE OF SERVICE**

I, Richard W. Gallagher, do hereby certify that on this 30th day of March, 2016, I caused to be served a **Notice of Removal, Civil Cover Sheet, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Memorandum of Law in Support of Defendant Verizon Communications Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, Certified State Court Record** and **Rule 7.1 Corporate Disclosure Statement of Defendant Verizon Communications Inc.** upon the following, by depositing true copies thereof in the United States Mail, postage prepaid, in an envelope, addressed as follows:

> Kelly Rene Carney
> 1328 Good Hope Pike
> Clarksburg, West Virginia  26301

> /s/ Richard W. Gallagher
> Richard W. Gallagher (WV Bar #1327)