IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

KELLY CARNEY,

      **Plaintiff,**

v.                                                  **Civil Action No. 1:16-CV-54**
                                                  **(JUDGE KEELEY)**

**VERIZON COMMUNICATIONS INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION
## THAT CASE BE DISMISSED WITHOUT PREJUDICE

This matter before the Court is pursuant to plaintiff Kelly Carney's *pro se* "Motion to Amend" [ECF No. 18], granted by the undersigned on July 14, 2016 [ECF no. 33], and Defendant Verizon Communications, Inc.'s ("Verizon") "Motion to Dismiss" [ECF No. 4], filed on March 30, 2016. District Court Judge Irene Keeley entered an Order referring the case to the undersigned [ECF No. 9] on March 31, 2016.

### I.    Procedural History

On October 29, 2015, Plaintiff filed her *pro se* complaint against defendant Verizon in the Magistrate Court of Harrison County, West Virginia. ECF No. 1-1. A former employee of Verizon Service Corporation, Plaintiff alleged violations of the West Virginia Wage Payment and Collection Act and the Employee Retirement Income Security Act ("ERISA"). Id. On March 30, 2016, Defendant properly removed the action to the Northern District of West Virginia. Id.

After the case was properly removed, Defendant also filed a Motion to Dismiss [Plaintiff's Complaint] for lack of Personal Jurisdiction. ECF No. 4. The Court issued a *Roseboro* Notice informing Plaintiff that she had until April 29, 2016, to file a response to the motion. ECF No.

10. On May 2, 2016, Plaintiff filed a "*Pro se* Form." ECF No. 18. After review, the undersigned construed this "*Pro se* Form" as a Motion to Remand and a Motion to Amend. ECF Nos. 18, 20. The Court then directed Defendant to respond to Plaintiff's motions. ECF No. 18. Defendant filed its responses on May 12, 2016, and May 27, 2016. ECF Nos. 19, 22. The Court held a status conference on June 22, 2016 to address these procedural issues. ECF No. 26.

## II. Plaintiff's Motion to Amend

In light of the fact that Plaintiff had mistakenly named an improper defendant (Verizon Communications, Inc.) in her complaint, this Court granted Plaintiff's *pro se* Motion to Amend on July 14, 2016. ECF No. 18. The Court further directed Plaintiff to amend her Complaint to include the proper defendant (Verizon Services Corp.) and re-file within twenty-one (21) days after service. ECF No. 33. As of the date of this Report and Recommendation (thirty-six days after the July 14, 2016 Order was filed), Plaintiff has failed to re-file her complaint with the Court. The United States Postal Service attempted to deliver the July 14, 2016 Order to Plaintiff, giving notice on July 22, 2016 and again on July 31, 2016, but it was returned to sender on August 11, 2016, marked "unclaimed" and "unable to forward." ECF. No. 34. Plaintiff received Notice of General Guidelines for Appearing Pro Se In Federal Court ("Guidelines") in March of 2016. ECF No. 7-1. The Guidelines direct *pro se* parties to "[k]eep the Court and opposing counsel, if any, advised of your most current address **at all times**," and cautions that "[f]ailure to do so may result in your action being dismissed without prejudice." ECF No. 7 at 1. The Guidelines provided to Plaintiff by the Court also include a "Notice of change of address and/or contact information for pro se litigants" for that express purpose. ECF No. 7 at 4.

## III. Defendant's Motion to Dismiss

Defendant asserts in its motion that the Court has no jurisdiction over it for the following reasons: (1) Defendant is a holding company with its principal place of business in New York;

(2) Defendant has no operations in West Virginia or in any state; (3) Defendant does not solicit, initiate, or transact business in West Virginia; (4) Defendant is not registered to transact business in West Virginia; (5) Defendant is not a part of any collective bargaining agreements covering employees in West Virginia; and (6) Defendant has never employed Plaintiff. ECF No. 5.

## IV.    Analysis

When a federal court's personal jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(2), it is ultimately the plaintiff's burden to prove that jurisdiction exists by a preponderance of the evidence. See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Mylan Labs, Inc. v. Akzo, N.V., 2 F.3d 56 (4th Cir. 1993)). When the court addresses the jurisdictional question "on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." New Wellington Financial Corp. v. Flagship Resort Development Corp., 416 F.3d 290, 294 (4th Cir. 2005). "In determining whether the plaintiff has made the requisite showing, the court must construe all relevant allegations of the pleadings and draw all reasonable inference in favor of the existence of jurisdiction. Carefirst, 334 F.3d at 396.

Two conditions must be satisfied for a district court to assert personal jurisdiction over a non-resident defendant: (1) A state long-arm jurisdiction statute must authorize jurisdiction over the non-resident defendant; or (2) The court's exercise of personal jurisdiction over the nonresident defendant must "comport with the Due Process Clause." Mylan Lab, Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993). Since "the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the normal two-step formula for determining the existence of personal jurisdiction." In re Celotex Corp. v. Rapid Am. Corp., 124

F.3d at 627–28 (citation omitted); see also York v. Property and Casualty Ins. Co. of Hartford, No. 2:12cv06582, 2013 WL 5504435 (S.D. W. Va. Oct. 3, 2013) ("the statutory inquiry mergers with the constitutional inquiry, and the two inquiries essentially become one). Therefore, the court's inquiry centers on whether the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause.

It is well established that the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause "if the defendant has sufficient 'minimum contacts' with the forum such that requiring the defendant to defend its interests in the forum does not 'offend traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). When assessing the "minimum contacts," courts should consider whether the defendant's contacts with the forum also provide the basis for the suit. Carefirst, 334 F.3d at 397.

If the defendant's contact with the forum state provides the basis for the suit, courts may exercise what is known as "specific jurisdiction." Id. To determine whether specific jurisdiction exists, the Court should consider the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. If the defendant's contact with the forum state does not provide the basis for the suit, a court may only exercise "general jurisdiction." Id. General jurisdiction is appropriate only where the defendant's contacts with the forum are "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).

Here, the Court finds that it has no jurisdiction over Defendant. Defendant lacks sufficient – indeed, any – "minimum contacts" with West Virginia because it does not conduct any business or contract to supply services or things in West Virginia. In fact, Defendant engages in no acts at all in West Virginia. ECF No. 5 at Ex. 1, 2. Additionally, because of these facts, the Court cannot find that Defendant has "continuous and systematic contacts" with West Virginia either. In sum, specific and general jurisdiction do not exist.

The Federal Rules of Civil Procedure provide grounds for a Defendant to move for dismissal of an action or claim when a Plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). In this case, Defendant already has a Motion to Dismiss pending before the Court on other adequate grounds – clear lack of personal jurisdiction. Thus, Plaintiff's failure to comply with this Court's Order to amend and re-file her corrected complaint simply constitutes an additional adequate ground for dismissal under Fed. R. Civ. P. 41(b).

## V. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that Defendant's Motion to Dismiss [ECF No. 4] be **GRANTED,** and the Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

Within **fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208 (1984).

The Clerk of Court is directed to transmit copies of this Report and Recommendation to all counsel of record, as applicable, and to mail a copy to the pro se Plaintiff by certified mail, returned receipt requested.

Dated: August 19, 2016.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE