IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KELLY CARNEY,**

    **Plaintiff,**

v.                                      **CIVIL ACTION NO.: 1:16CV54**

**VERIZON COMMUNICATIONS INC.,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 36] AND GRANTING MOTION TO DISMISS [DKT. NO. 4]**

On October 29, 2015, the pro se plaintiff, Kelly Carney ("Carney"), filed a complaint in the Magistrate Court of Harrison County, West Virginia, against her former employer, defendant Verizon Communications, Inc. ("Verizon"), for violations of the West Virginia Wage Payment and Collection Act ("WVWPCA") and the Employee Retirement Income Security Act ("ERISA") (dkt. no. 1-1). On March 30, 2016, Verizon removed the case to this Court, citing federal question jurisdiction based on Carney's ERISA claim. Shortly thereafter, Verizon moved to dismiss the case for lack of personal jurisdiction, arguing that it was not the proper defendant in this action (dkt. no. 4).

On March 31, 2016, the Court referred this matter to United States Magistrate Judge Michael J. Aloi for initial screening and a Report and Recommendation ("R&R") in accord with 28 U.S.C. § 636(b)(1)(A) and LR CIV P 72.01 (dkt. no. 9). Magistrate Judge Aloi issued a Roseboro Notice on March 31, 2016, informing Carney that she had until April 29, 2016, to respond to Verizon's motion to

dismiss. On May 2, 2016, although the deadline had passed, Carney filed a "pro se form" construed by Magistrate Judge Aloi as both a motion to remand and a motion to amend.

Magistrate Judge Aloi ordered Verizon to respond to Carney's motions, which it did on May 27, 2016 (dkt. no. 22). Thereafter, by order dated July 14, 2016, he denied Carney's motion to remand, but granted her motion to amend (dkt. no. 33). Because she had not filed her proposed amended complaint together with her motion to amend, Magistrate Judge Aloi's order directed Carney to file her amended complaint no later than twenty-one days from receipt of the order. The United States Postal Service ("USPS") attempted delivery of the order on July 22, 2016, and again on July 31, 2016, but the mailing was returned to sender on August 11, 2016, marked "unclaimed" and "unable to forward" (dkt. no. 34).

On August 19, 2016, Magistrate Judge Aloi recommended that the Court grant Verizon's motion and dismiss this case without prejudice (dkt. no. 36). The R&R first concluded that the Court lacked personal jurisdiction over Verizon because it was simply a holding company lacking any minimum contacts with West Virginia sufficient to establish either general or specific personal jurisdiction. Next, the R&R identified an alternative ground for dismissal, finding that Carney had "fail[ed] to prosecute or to

comply with these rules or a court order" by not timely filing her amended complaint as ordered. Dkt. No. 36 at 5 (quoting Fed. R. Civ. P. 41(b)). The R&R also specifically warned Carney that her failure to object to the recommendation would result in the waiver of any appellate rights she might otherwise possess regarding this issue.[1] Id.

On September 6, 2016, Carney filed a "response," in which she made no objections to the legal analysis or reasoning contained in the R&R; instead, she asked the Court to reconsider the dismissal of her claims. In addition, she requested that "the order be amended to change defendant to Verizon Services Corp, and to include Leslie Wright, Tammy Mason, and Judy Isner." Dkt. No. 38 at 1-2. In support, Carney contends that she was not at her residence to receive service from the USPS because her daughter was in the hospital at the time.

There are several problems with Carney's reasons for not timely filing her amended complaint. First, despite responding that "[t]his response is dated for 8/22/16," it also states that she "was unable to receive service prior to being emailed the order

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-53 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

from clerk on 8/24/16." Furthermore, the docket reflects that the R&R was mailed on August 19, 2016, and returned to the Clerk's office on August 23, 2016, having been signed by Carney sometime between those two dates.[2] Furthermore, although Carney contends that she was not at her residence from July 5 to July 30, 2016, the USPS unsuccessfully attempted delivery on July 31, 2016. Finally, Carney's notice states, "I am attaching the amendment with the appeal to not dismiss the case due to my extenuating circumstances." Dkt. No. 38 at 2. Nonetheless, no amended complaint was attached, and, to this date, the Court has received no amended complaint from Carney.

Ultimately, Carney has never actually amended her complaint, despite plenty of opportunity to do so. Nor has she objected to Magistrate Judge Aloi's sound reasoning as to why Verizon should be dismissed for lack of personal jurisdiction. Consequently, finding no clear error, the Court **ADOPTS** the R&R in its entirety (dkt. no. 36), **GRANTS** Verizon's motion (dkt. no. 4), and **DISMISSES** Carney's complaint **WITHOUT PREJUDICE.**

It is so **ORDERED.**

---

[2] A review of the USPS tracking website indicates that the mailing was delivered and left with an individual on August 22, 2016, at 12:42 p.m. Carney's signature on the USPS receipt matches the signature on her other filings.

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**[DKT. NO. 36] AND GRANTING MOTION TO DISMISS [DKT. NO. 4]**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: February 28, 2017.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE